# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CECILIA LYNN LEWIS, | Case No. 19-CV-3077 (NEB/DTS) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| THE STATE OF MINNESOTA, | |
| Defendant. | |

The Court has received the December 20, 2019 Report and Recommendation of United States Magistrate Judge David T. Schultz. [ECF No. 3 ("R&R").] The R&R recommended dismissing all the claims brought by Plaintiff Cecilia Lynn Lewis because the complaint failed to state a claim on which relief could be granted and denying her application to proceed *in forma pauperis* [ECF No. 2] as moot. Lewis filed a response labeled an "Appeal," asking this Court to "overturn" the R&R [ECF No. 4 ("Appeal").]

The Court understands Lewis's Appeal to be an objection to the R&R's conclusion that she failed to state a claim upon which relief can be granted. In her Appeal, she argues that section 17 of her complaint specifically requests the relief of compensation based on lost wages. (Appeal at 1.) The Court has conducted a *de novo* review and finds that Lewis's complaint fails to state a claim and must be dismissed. *See Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) ("A district court must make a *de novo* determination of those portions of a . . . report and recommendation to which objections are made.")

When a plaintiff files a complaint *in forma pauperis*, the Court may review the action and dismiss it if the complaint "fails to state a claim on which relief may be granted," that is to say the complaint must allege a wrong that the Court can remedy. 28 U.S.C. § 1915(e)(2)(B)(ii). During this review, the Court accepts as true all the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Pro se* complaints, like this one, must be construed liberally. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Lewis's complaint pleads that "The State of Minnesota" violated her First and Fourteenth Amendment rights. [ECF No. 1.] Because the Constitution does not provide a standalone right to sue, the Court will construe Lewis's claim against "The State of Minnesota" to be brought under § 1983. *Quality Refrigerated Servs., Inc. v. City of Spencer*, 908 F. Supp. 1471, 1487 n.9 (N.D. Iowa 1995) ("There is simply no direct cause of action arising under the Constitution itself . . . . [A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983.") (collecting cases). Under § 1983 an individual may "vindicate rights conferred by the Constitution or laws of the United States." *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000).

The State of Minnesota "cannot be sued directly in its own name regardless of the relief sought" unless it "has waived its Eleventh Amendment immunity or Congress has overridden it." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). "Minnesota has not waived its sovereign immunity from § 1983" claims. *Phillips v. Minn. State Univ.*, No. 09-CV-1659 (DSD/FLN), 2009 WL 5103233, at *3 (D. Minn. Dec. 17, 2009). Congress did not abrogate the immunity of states by enacting § 1983. *Larson v. Kempker*, 414 F.3d 936, 939 n.3 (8th Cir. 2005). Thus, Minnesota is immune from this suit under the Eleventh Amendment, and Lewis's complaint must be dismissed for failure to state a claim. Because the Court dismisses the complaint, it denies Lewis's application to proceed *in forma pauperis* as moot.

After conducting its own review, the Court finds Judge Schultz's reasoning sound and finds no legal basis to depart from his recommendations. Based upon all the files, records, and proceedings in the above-captioned matter,

IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation [ECF No. 3] is ACCEPTED;

2. Plaintiff's Appeal [ECF No. 4] is OVERRULED;

3. This matter is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B); and

4. Plaintiff's application to proceed *in forma pauperis* [ECF No. 2] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 24, 2020

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge